UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LUIS RAY JARAMILLO,** <br> **TDCJ # 1566515,** <br><br> Petitioner <br><br> v. <br><br> **RICK THALER,** <br> **Texas Department of Criminal Justice** <br> **Correctional Institutions Division Director,** <br><br> Respondent | §§§§§§§§§§§§§ | **Civil Action** <br> **No. SA-10-CA-325-XR (NN)** |

**SHOW CAUSE ORDER**

  Before the Court is Petitioner Luis Ray Jaramillo's 28 U.S.C. § 2254 habeas corpus petition challenging his 2009 conviction in the 144th District Court of Bexar County, Texas, in cause number 2006-CR-5268, for burglary of a habitation, for which Petitioner received a five-year sentence.

  In ground one Petitioner contends his plea was involuntary and was coerced due to ineffective assistance of counsel. Petitioner claims his defense counsel was not on Petitioner's case a full twenty-four hours, and Petitioner asserts counsel relied on the State's investigation and did no independent investigation. Petitioner asks this Court to review his attached exhibits, without explanation. Attached to the petition are numerous documents, including motions and a state habeas corpus application with a memorandum in support, presumably filed in state courts. Although pro se petitions are to be liberally construed, this Court will not sort through the documents to create Petitioner's argument for him.

  In grounds two through four, Petitioner contends the indictment was defective because it named as the Defendant "LUIS JARAMILLO" in all-capital letters. Petitioner contends the

indictment does not allege Petitioner's full name in upper and lower case letters. He asserts a name stated in all-capital letters refers to a corporate entity, and not an individual person. Petitioner claims the prosecutors failed to disclose to Petitioner that the criminal action was commenced against a corporate entity for a corporate commercial crime in an admiralty/de facto commercial tribunal. He also contends the prosecutors failed to disclose other favorable evidence, but he does not identify any such evidence.

Petitioner's petition is without merit. Rule 2(c) of the Rules Governing § 2254 Cases requires that a petition shall "set forth in summary form the facts supporting each of the grounds" presented. Conclusory and speculative allegations are not sufficient to entitle a petitioner to a hearing or relief in a § 2254 case. *West v. Johnson*, 92 F. 3d 1385, 1398-99 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997); *Perillo v. Johnson*, 79 F. 3d 441, 444 (5th Cir. 1996).

To establish ineffective assistance of counsel, a petitioner must show counsel's performance was deficient, i.e. counsel's performance was not professionally reasonable, and counsel's deficient performance prejudiced the petitioner, *i.e.* "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-94, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). There is a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 689. Deficient performance will be found to be prejudicial only upon a showing that, but for counsel's errors, there is a reasonable probability that the final result would have been different and that confidence in the reliability of the verdict is undermined. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S. Ct. 838, 112 L. Ed. 2d 180 (1993).

Petitioner's claim that his guilty plea was involuntary is conclusory. Petitioner does not explain how his plea was involuntary or coerced. Petitioner does not set out facts showing he received ineffective assistance of counsel. He only alleges counsel was on the case for less than twenty-four hours and counsel did not conduct an independent investigation. Petitioner does not allege how those facts made a difference in his case.

Petitioner's grounds concerning his name being set out in capital letters in the indictment lack merit. *See United States v. Mitchell*, 405 F. Supp. 2d 602 (D. Md. 2005) (characterized this argument as "patently without merit"); *United States v. Washington*, 947 F. Supp. 87, 92 (S.D. N.Y. 1996) (characterized this argument as "baseless"); *cf. Ford v. Pryor*, 552 F.3d 1174, 1179 (10th Cir. 2008) (characterized similar argument as "wholly frivolous"); *United States v. Banks*, 482 F.3d 733, 737 (4th Cir. 2007) (characterized similar argument as "spurious").

Therefore, **this Court directs Petitioner to show cause within twenty-one (21) days why his habeas corpus petition should not be dismissed**. If Petitioner fails to respond to this Order, his petition will also be dismissed for failure to prosecute and failure to comply with the Orders of this Court pursuant to Fed. R. Civ. P. 41(b). *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

**SIGNED** on May 4, 2010.

_Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE